UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CASE NO. 14-11277 (JAD) |
| TRUSTEES OF CONNEAUT LAKE PARK, INC., | : |
| | : |
| Debtor. | : CHAPTER 11 |
| _____ | : |
| PARK RESTORATION, LLC, | : |
| | : |
| Plaintiff, | : ADV. PROC. NO. 15-_____ |
| | : |
| v. | : |
| | : |
| ERIE INSURANCE EXCHANGE, SUMMIT TOWNSHIP, a municipal corporation, THE TRUSTEES OF CONNEAUT LAKE PARK, a charitable trust, and CRAWFORD COUNTY, a political subdivision, the TAX CLAIM BUREAU OF CRAWFORD COUNTY, and the CONNEAUT SCHOOL DISTRICT, | : |
| | : |
| Defendants. | |

## **NOTICE OF REMOVAL**

Summit Township, Crawford County, the Tax Claim Bureau of Crawford County, and the Conneaut School District (collectively hereinafter, the "Creditors"), by and through their undersigned counsel, hereby file this Notice of Removal from the Court of Common Pleas of Crawford County, Pennsylvania, and state as follows:

### JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. This Notice is being filed pursuant to Fed. R. Bankr. P. 9027.

## BACKGROUND

A. <u>Bankruptcy Case</u>

4. On December 4, 2014 (the "Petition Date"), the Trustees of Conneaut Lake Park, Inc. (the "Debtor") filed a voluntary chapter 11 petition at the above-captioned Case Number 14-11277-JAD (the "Bankruptcy Case"), at which time an order for relief was entered.

5. No committee or trustee has been appointed in the Bankruptcy Case.

B. <u>State Court Action</u>

6. Prior to the commencement of the Bankruptcy Case on September 10, 2013, Park Restoration, LLC (the "Plaintiff") initiated this action by filing a Complaint for Declaratory Judgment in the Court of Common Pleas of Crawford County, Pennsylvania at Case No. 2013-30646 (the "State Court Action").

7. On October 18, 2013, the Plaintiff filed an Amended Complaint against the above-captioned Defendants (the "Complaint") seeking declaratory relief with respect to what appear to be competing claims against insurance proceeds in the amount of $611,000.00 (the "Proceeds") arising from the destruction by fire of a beach club situated on the Debtor's property.

8. The Complaint includes a count for proper application of 40 P.S. § 638 regarding the requirement of a municipal certificate from the Creditors prior to the

payment of fire loss claims, as well as a count for interpretation of the beach club management agreement between the Plaintiff and the Debtor.

9.  Defendant Erie Insurance Exchange ("Erie Insurance") filed a Petition for Interpleader on or about October 28, 2013, after which the State Court entered an Order on or about December 10, 2013, allowing the Proceeds to be paid into court pending the outcome of the State Court Action and dismissing Erie Insurance[1] (the "Interpleader Order").

10. All other Defendants have appeared in the State Court Action and filed responses to the Plaintiff's Complaint. A true and correct copy of the docket of all process and pleadings filed to date is attached hereto as Exhibit "1".

11. Upon information and belief, the Proceeds currently remain paid into the Court of Common Pleas of Crawford County, Pennsylvania pending disposition of the within action.

## GROUNDS FOR REMOVAL

12. 28 U.S.C. § 1452(a) provides that:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title [28 USCS § 1334].

---

[1] While Defendant Erie Insurance remains a named party in the caption of the State Court Action and therefore this Adversary Proceeding, the Creditors herein reiterate that Erie Insurance has, in fact, been previously dismissed by Interpleader Order of the State Court. As such, the Creditors submit that Erie Insurance is no longer a party to this action and, while service upon them may be appropriate at least for notice purposes, there should be no need for them to appear or respond accordingly.

Document #837302

13. The State Court Action is a civil action other than a proceeding before the United States Tax Court, and is not a civil action by a governmental unit to enforce such governmental unit's policy or regulatory power.

14. 28 U.S.C. § 1334 provides that district courts have original jurisdiction of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code.

15. Because it appears that the State Court Action deals with the disposition of a potential asset of the Debtor and/or the Bankruptcy Estate, or that a resolution of the State Court Action could otherwise significantly reduce the liabilities of the Debtor for the benefit of the Bankruptcy Estate, the claims raised in the State Court Action arise under the Bankruptcy Code or arise in a bankruptcy case and constitute core matters.

16. To the extent the State Court Action may contain non-core matters, the Creditors consent to entry of final orders or judgment by the Bankruptcy Judge.

17. Removal to this Court is proper under 28 U.S.C. § 1452(a) because the State Court Action was filed in Crawford County, which is within the Western District of Pennsylvania.

18. The Bankruptcy Court is the appropriate place to file the Notice of Removal pursuant to Geruschat v. Ernst & Young, LLP (In re Earned Capital Corp.), 331 B.R. 208, 216 (Bankr. W.D. Pa. 2005), *aff'd* Geruschat v. Ernst & Young LLP, 346 B.R. 123 (W.D. Pa. 2006), *aff'd* Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.), 505 F.3d 237 (3d Cir. 2007).

19. The Creditors have also filed concurrently herewith a Motion for Relief from Stay in the main Bankruptcy Case to the extent that the State Court Action has

been stayed pursuant to 11 U.S.C. § 362, which upon information and belief is necessary in order for this Adversary Proceeding to proceed.

20. As such, this Notice of Removal is timely filed because it is filed less than ninety (90) days after the order for relief in this Bankruptcy Case, and/or because it has been filed concurrently with efforts to obtain an order terminating the stay. See Fed. R. Bankr. P. 9027(a)(2)(A) & (B) (2015).

21. A copy of the Notice of Removal is being filed with the Court of Common Pleas of Crawford County, Pennsylvania, and notice is being given to all parties pursuant to Fed. R. Bankr. P. 9027(c).

WHEREFORE, Defendants hereby remove this action to the United States Bankruptcy Court for the Western District of Pennsylvania in accordance with 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027.

Dated: February 3, 2015

        Respectfully submitted,

        */s/ Lawrence C. Bolla*
        Lawrence C. Bolla, Esquire
        (PA ID No. 19679)
        lbolla@quinnfirm.com
        Michael P. Kruszewski, Esquire
        (PA ID No. 91239)
        mkruszewski@quinnfirm.com
        QUINN LAW FIRM
        2222 West Grandview Boulevard
        Erie, Pennsylvania 16506
        Tel: (814) 833-2222
        Fax: (814) 835-2076

        Counsel to Defendants Summit Township,
        Crawford County, the Tax Claim Bureau of
        Crawford County, and the Conneaut School District